IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH L. WALLER                                                                                    PLAINTIFF

      v.                              Civil No. 4:10-cv-04186

KIM VAILLANCOURT, Contract
Manager, Correctional Medical Services
(CMS); NURSE KYM (CARMALITA)
WILLIAMS; DR. NASH; and NURSE
REGINA STEWART                                                                                    DEFENDANTS

## MEMORANDUM OPINION

Kenneth L. Waller filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties. ECF No. 14. Separate Defendant Kim Vaillancourt has filed a motion for judgment on the pleadings (ECF No. 12) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response. ECF No. 15. The motion is before me for decision.

### 1. Background

Plaintiff is currently an inmate in the Arkansas Department of Correction, Grimes Unit. The events that are the subject of this case occurred while Plaintiff was incarcerated in the Miller County Correctional Facility (MCCF).

According to the allegations of the complaint (ECF No. 1), Plaintiff was physically assaulted by fellow inmates on March 31, 2010, suffering injuries to his back. Beginning on April 1, 2010, Plaintiff alleges he sought medical care. He maintains Nurse Williams, Nurse Stewart and Dr. Nash exhibited deliberate indifference to his serious medical needs. While Defendant Vaillancourt is listed as a Defendant, Plaintiff alleges no actions taken by her nor does he allege she was personally

involved in his medical care.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendant Vaillancourt contends she is entitled to judgment in her favor because no factual allegations of any kind are made against her and Plaintiff seeks no relief from her. In response, Plaintiff only argues that his entire complaint should not be dismissed.

There is no *respondeat superior* liability under § 1983. *See e.g., Choate v. Lockhart*, 7 F.3d

1370, 1376 (8th Cir. 1993).  "Supervisors can, however, incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)(internal quotation marks and citations omitted).  In this case, the complaint is completely devoid of any basis of liability against Defendant Vaillancourt.

### **4.  Conclusion**

For the reasons stated, the motion for judgment on the pleadings (ECF No. 12) filed by Separate Defendant Vaillancourt is **GRANTED**, and Defendant Vaillancourt is dismissed as a Defendant in this case.

DATED this 14th day of September 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE