IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH L. WALLER                                                                                          PLAINTIFF

v.                                          Civil No. 4:10-cv-04186

KYM WILLIAMS,
DR. NASH, and
REGINA STEWART                                                                                        DEFENDANTS

**MEMORANDUM OPINION**

Before this Court is Defendants' Motion for Summary Judgment. ECF No. 20. Defendants filed this Motion on December 16, 2011. *Id.* Plaintiff responded on July 6, 2012. ECF No. 31. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 14. In accordance with that authority and for the following reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**I.     Background:**

On December 14, 2010, Plaintiff Kenneth L. Waller filed this case *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. ECF No. 1. In his Complaint, Plaintiff alleges he was denied adequate medical care. *Id.* Specifically, he claims he suffered a back injury on March 31, 2010 after an altercation at the Miller County Detention Center. *Id.* at 4. Plaintiff claims he reported this injury on April 1, 2010 at approximately 11:25 AM. *Id.* Over two hours later, at approximately 2:00 PM on the same day, Plaintiff claims he was examined by Defendant Kym Williams ("Williams"). *Id.* Plaintiff claims that during this examination, he was forced into the sitting position which was painful to him, and he was denied medication to relieve his back pain. *Id.* Plaintiff claims that on April 3, 2010, he was finally given Ibuprofen for his back pain. *Id.*

1

On April 8, 2010, Plaintiff claims he had to discontinue taking Ibuprofen because it caused him stomach pain. *Id.*

Subsequent to discontinuing his medication, Plaintiff claims he requested to be seen by a doctor, but he was not immediately seen. *Id.* at 6. Plaintiff claims he was not seen by Defendant Dr. Nash ("Nash") until July 22, 2010. *Id.* During that appointment, Defendant Nash changed his pain medication from Ibuprofen to Mobic and Tylenol. *Id.* Plaintiff also claims that during this appointment, Defendant Nash ordered copies of his medical records from Wadley Regional Hospital and ordered additional x-rays of his back. *Id.* at 5-6. Despite Defendant Nash's orders, Plaintiff claims his medical records were never obtained, and the additional x-rays of his back were never taken. *Id.* Plaintiff claims that because of these failures, he was denied adequate medical care in violation of the Eighth Amendment. *Id.* at 1-9.

On December 16, 2011, Defendants filed the Motion for Summary Judgment which is currently before this Court. ECF No. 20. In this Motion, Defendants claim they are entitled to summary judgment as to Plaintiff's claims because Plaintiff has not demonstrated they were deliberately indifferent to his subjective complaints of back pain. *Id.* Defendants claim a showing of deliberate indifference is required to support a claim for denial of adequate medical care. *Id.* On July 6, 2012, Plaintiff responded to this Motion, and on July 13, 2012, Defendants filed a reply in support of this Motion. ECF No. 31. The Court finds this matter is now ripe for consideration.

## II.     **Applicable Law:**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party, and a fact is material if it affects the outcome of the case. *See Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-252 (1986).  The moving party has the burden of showing the absence of a genuine issue of material fact and the burden of establishing an entitlement to judgment as a matter of law.  *See Anderson,* 477 U.S. at 256; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  In responding, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson,* 477 U.S. at 256; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.   Discussion:

In the present action, Plaintiff claims Defendants denied him adequate medical care after he injured his back on March 31, 2010.  ECF No. 1.  Plaintiff claims he was denied adequate medical care in the following ways: (A) he was not immediately examined on April 1, 2010 after he reported his injury; (B) he was not seen by Defendant Nash until July 22, 2010 even though he had requested an appointment with him on April 8, 2010; and (C) his back was never x-rayed and his medical records were never obtained from Wadley Regional Medical Center.  *Id.*  The Court will address each of these issues.

As an initial matter, it is important to recognize the legal standard that applies in this case. The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard.  *See Butler v. Fletcher,* 465 F.3d 340, 344

3

(8th Cir. 2006). To prevail on an Eighth Amendment claim, Plaintiff must prove Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

It is well-settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

### A. Plaintiff's Initial Examination

Plaintiff claims he was denied adequate medical care because he was not immediately examined on April 1, 2010 after he reported his injury. ECF No. 1. In his Complaint, Plaintiff alleges he reported his back pain to Sgt. Alice Miller on April 1, 2010 at approximately 11:25 AM. *Id.* at 4. Plaintiff alleges he was not treated until 2:00 PM, approximately 2.5 hours later. *Id.* Plaintiff claims this delay denied him adequate medical care. *Id.*

In making this claim, however, Plaintiff has neither demonstrated an "objectively serious medical need" as of April 1, 2010 nor demonstrated "that the prison officials actually knew of but deliberately disregarded those [his] needs." *See Jolly,* 205 F.3d at 1096. First, Plaintiff has not demonstrated he had an "objectively serious medical need" as of April 1, 2010. Plaintiff claims his back impairment was serious on April 1, 2010, and he was injured by Defendants' delay because he urinated himself during the delay and suffered extreme back pain during that time. ECF No. 1 at 4. However, the report from Defendant Williams stated Plaintiff's clothing was dry, and "no urine [was] noted." ECF No. 21-6. Defendant Williams also noted that Plaintiff reportedly "had walked to R&D without difficulty," and Defendant Williams assessed him as being "[a]lert and oriented, no signs of trauma, no bruising or swelling noted, no open wounds noted, inmate moving all extremities." ECF No. 21-6. Because the summary evidence demonstrates Plaintiff's back impairment was not objectively serious as of April 1, 2010, Plaintiff has not met his burden of establishing an "objectively serious medical need" that would have required immediate attention. *See Jolly,* 205 F.3d at 1096.

Second, Plaintiff has not demonstrated deliberate indifference. Indeed, Defendants' summary judgment evidence demonstrates Defendant Williams acted promptly in treating Plaintiff.

5

Defendant Williams denies Plaintiff's claim there was a 2.5 hour delay. ECF No. 21-2 ¶ 5. She stated in an affidavit filed in support of Defendants' Motion that she "responded as soon as contact was made [regarding Plaintiff's injury]." *Id.* Her report regarding this incident supports the timing she provided in her affidavit. ECF No. 21-6. In this report, Defendant Williams stated she examined Plaintiff at approximately 12:00 PM and then again at 12:25 PM. ECF No. 21-6. This 12:00 PM examination was only twenty-five minutes after Plaintiff reported his injury, and such a short delay certainly cannot be considered deliberate indifference under the circumstances in this case.

Finally, Plaintiff claims in his Complaint that he was denied medication on April 1, 2010 to alleviate his back pain. ECF No. 1 at 4. Defendant Williams, however, stated in her report dated April 1, 2010 that she offered Defendant medication, but he refused it. ECF No. 21-6. Plaintiff has offered no summary judgment evidence to contradict that proof.[1] ECF No. 31 at 6. Accordingly, the Court finds no material issue of fact exists regarding this issue.

   B.   **Subsequent Treatment by Defendant Nash**

Plaintiff claims Defendants denied him adequate medical care because he was not examined by Defendant Nash until July 22, 2010. ECF No. 1 at 6. Plaintiff claims he was prescribed Ibuprofen to treat his back pain on April 3, 2010, but he had to stop taking this medication on April 8, 2010 because it caused his "stomach to hurt." *Id.* Plaintiff claims he thereafter sought treatment from Defendant Nash, presumably to have his medication changed. *Id.* Plaintiff claims

---

[1] In his response, Plaintiff claims he did not "refuse" the medication on April 1, 2010, but he was unable to get up to get his medication. ECF No. 31 at 6. Plaintiff has offered no summary judgment evidence to support this claim. Further, even if Plaintiff was not given medication on that day or was unable to get up to get his medication, based upon Defendant Williams's findings of relatively mild symptoms, the summary judgment evidence does not support Plaintiff's claim that the actions of Defendant Williams were deliberately indifferent to an objectively serious medical need.

he reported to Defendant Regina Stewart ("Stewart") on June 24, 2010 that he wanted to be seen by Defendant Nash. *Id.* Despite his request, Plaintiff claims he was not seen by Defendant Nash until July 22, 2010. *Id.* Plaintiff claims this delay caused him to be denied adequate medical care. *Id.*

To demonstrate he was denied adequate medical care, Plaintiff must demonstrate "that the prison officials actually knew of but deliberately disregarded those [his] needs." *See Jolly,* 205 F.3d at 1096. In this case, there is no demonstration Defendants actually knew Plaintiff's prescribed Ibuprofen was not adequately treating his back pain. Defendant Nash stated in an affidavit filed in support of this Motion that he "did not see Kenneth Walker in person until after his complaint of June 30, 2010[2], because, upon information and belief, he voiced no complaints of pain for a period of nearly three months, and because I believed that the Ibuprofen 800 mg prescribed to him was relieving his pain." ECF No. 21-1 ¶ 5.

Further, Defendant Williams stated in her affidavit that Plaintiff's medical records demonstrate he continued to take his Ibuprofen (albeit sporadically) after April 8, 2010. ECF No. 21-2 ¶ 7. The fact that Plaintiff continued to take his medication would indicate to his doctor that his back pain was still being adequately treated by Ibuprofen. Defendant Williams also notes that Plaintiff did not complain of back pain until June 30, 2010. ECF No. 21-2 ¶ 8. Even then, as of June 30, 2010, there is no indication Defendants were *aware* Plaintiff could not tolerate Ibuprofen. Accordingly, Defendants' delay in examining Plaintiff (from June 30, 2010 until July 22, 2010) was not unreasonable under the circumstances of this case. Even more importantly, this delay does not demonstrate "the prison officials actually knew of but deliberately disregarded those [his]

---

[2] June 30, 2010 is the date Plaintiff filed a request for treatment. ECF No. 31 at 10. June 24, 2010 is the date Plaintiff told Defendant Stewart that he wanted to be seen by a doctor. *Id.*

needs." *See Jolly,* 205 F.3d at 1096. Indeed, it does not appear Defendant Nash was even aware that Plaintiff could not tolerate Ibuprofen until his appointment on July 22, 2010. Thus, Plaintiff has not provided sufficient evidence to create an issue of fact regarding Defendants' deliberate indifference.

### C. Plaintiff's X-Rays and Medical Records

Plaintiff claims he was denied adequate medical care for his back pain because he never had additional x-rays taken of his back, and his medical records were never ordered from Wadley Regional Medical Center. ECF No. 1 at 5. Plaintiff claims Defendant Nash directed that additional x-rays be taken and Plaintiff's past medical records be ordered. *Id.* Based upon the summary judgment evidence, however, Defendant Nash never ordered additional x-rays. Instead, Defendant Nash only ordered copies of *past x-rays* from Wadley Regional Medical Center. ECF No. 21-1 ¶ 6. Defendants did obtain these *past x-rays*. ECF No. 21-4. Thus, Plaintiff's claim is not supported by the summary judgment evidence.[3]

Further, to the extent Plaintiff is claiming that Defendant Nash was required to order additional x-rays, this argument is also without merit. As noted above, a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson,* 603 F.3d at 449.

As a final issue, Plaintiff claims Defendant Williams intentionally provided him with incorrect medication and intentionally denied him medication on several occasions. ECF No. 31

---

[3] With this argument, Plaintiff also claims Defendant Nash failed to do a follow-up evaluation. ECF No. 1 at 5. However, the few records Plaintiff submitted with his response demonstrate Plaintiff was seen during at least one follow-up appointment on December 8, 2010. ECF No. 31 at 32. Further, Defendant Williams stated Plaintiff did not complain of back pain from July 22, 2010 until October 11, 2010. ECF No. 21-2 ¶ 11. Thus, there is no indication a follow-up appointment was required or that it was deliberate indifference to not follow-up with Plaintiff.

at 21. Plaintiff claims Defendant Williams's conduct was in retaliation to his decision to file the present lawsuit. *Id.* Plaintiff has presented no summary judgment evidence establishing Defendant Williams, with deliberate indifference, denied him medication or provided the incorrect medication. In Defendants' reply, Defendant Williams stated in her affidavit that she "acted promptly" in treating Plaintiff, and she never intentionally provided Plaintiff with the incorrect medication. ECF No. 32-2 ¶¶ 4-5. Plaintiff offers no summary judgment evidence contrary to the affidavit of Defendant Williams. Thus, the Court finds no material issue of fact as to this claim.

### IV.    Conclusion:

For the foregoing reasons, this Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 20). A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**DATED this 17th day of September 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE